UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMAL ADEEN AZEEZ<br><br>*Plaintiff,*<br><br>-against-<br><br>THE CITY OF NEW YORK,<br><br>-and-<br><br>WILLIAM J. BRATTON, in his official capacity as Commissioner of the City of New York Police Department,<br><br>-and-<br><br>POLICE OFFICER BRETT STRAUSS (SHIELD NUMBER 7360), individually and in his official capacity,<br><br>*Defendants.* | Civil Action No. _____<br><br>**COMPLAINT FOR MONETARY DAMAGES, DECLARATORY RELIEF AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTORY STATEMENT

1. This is an action for damages sustained by a citizen of the United States against a police officer of the City of New York Police Department who unlawfully seized, discriminated against on the basis of religion, ethnicity, and/or race, prosecuted, and harassed him, against the Police Commissioner as the supervisory officer responsible for the conduct of said police officer, and for his failure to take corrective action with respect to police personnel whose vicious propensities were notorious, to assure proper training and supervision of the personnel, or to implement meaningful procedures to discourage lawless official conduct, and against the City of New York of as the employer of the police personnel, which is sued as a person under 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

2. Federal question jurisdiction is founded upon 28 U.S.C.A. § 1331 and 28 U.S.C.A. § 1343.

3. Pendant and supplemental jurisdiction is invoked pursuant to 28 U.S.C.A. § 1367 for this Court to decide claims that may arise under state law.

4. Venue is proper under 28 U.S.C.A. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

5. Plaintiff is now, and at all times relevant to this complaint was, a resident of the City of New York, County of Queens, State of New York.

6. Defendant THE CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department ("NYPD"), which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers and other law enforcement officials, employees, and agents, as said risks attach to the public consumers of the services provided by the NYPD.

7. Defendant WILLIAM J. BRATTON is and was at all times herein mentioned the NYPD's Commissioner. He is appointed by the Mayor and is the chief executive officer of the NYPD. Among other duties, Commissioner Bratton is responsible for the actions and policies of the NYPD, and for the execution of all the laws and rules and regulations of the laws and the rules and regulations of the State, CITY, and the NYPD. He is sued in his official capacity.

8. Defendant POLICE OFFICER BRETT STRAUSS (SHIELD NUMBER 7360) (hereinafter "P.O. STRAUSS" or "Officer Strauss") is and was at all times relevant herein, an officer, employee and/or agent of the NYPD. He is sued in his official and individual capacity.

9. At all times relevant herein, Defendant P.O. STRAUSS was acting under color of state law in the course and scope of his duties and functions as an officer, employee and/or agent of the NYPD and CITY, and he otherwise performed and engaged in conduct incidental to the performance of his lawful functions in the course of his duties. He was acting for and on behalf of the NYPD and CITY at all times relevant herein, with the power and authority vested in him as an officer, employee and/or agent of the NYPD and incidental to the lawful pursuit of his duties as an officer, employee and/or agent of the NYPD.

## NOTICE OF CLAIM

10. Heretofore and on January 5, 2015, Plaintiff caused a written Verified Notice of Claim to be filed with and served upon on the CITY's Office of the Comptroller and Law Department pursuant to the statutes in such cases made and provided. A copy of said Verified Notice of Claim is annexed hereto as **Exhibit A**.

11. That more than thirty days have elapsed since the service of such Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## JURY DEMAND

12. Plaintiff demands a trial by jury in this action on each and every one of his claims.

## FACTUAL ALLEGATIONS

13.     On or about September 27, 2013, Plaintiff was driving eastbound on Atlantic Avenue in Queens with his fiancée after having attended religious services at his mosque, the Jama Masjid, which is located at 94-17 102nd Street, Ozone Park, New York 11416. Plaintiff was at this time dressed in traditional religious clothing of a type that would signify to the average person that Plaintiff is a practicing Muslim.

14.     Plaintiff stopped at the corner of Atlantic Avenue and the western service road to the Van Wyck Expressway ("Van Wyck Expressway West"). Van Wyck Expressway West is a one-way street southbound.

15.     As Plaintiff was in the process of making a right turn onto Van Wyck Expressway West from Atlantic Avenue, a police cruiser going northbound on Van Wyck Expressway West from his south, driving against traffic drove toward him at a very high speed and nearly collided with Plaintiff's vehicle. Upon information and belief, said police cruiser was in pursuit of another motorist.

16.     Plaintiff was initially startled and frightened by this near collision, but soon thereafter, Plaintiff and his fiancée decided to follow the police cruiser that nearly collided with them and confront the officer driving the cruiser about his driving, which they considered to be reckless.

17.     Shortly after the near collision, Plaintiff spotted said police cruiser parked adjacent to an empty lot on the southern side of 94th Street slightly east of the eastern side of the Van Wyck Expressway Avenue (Atlantic Avenue becomes 94th Avenue east of the Van Wyck Expressway). The police officer driving the cruiser, whom Plaintiff has since identified as P.O. STRAUSS, was in the process of stopping another motorist.

18.     Plaintiff waited until Officer Strauss had completed his business with the other motorist and then approached him and complained to him that he had nearly collided with Plaintiff's vehicle while driving at a very high speed and could have killed him or his fiancée. Officer Strauss was at this time not wearing a name tag. Plaintiff asked Officer Strauss for his name so that he could file a complaint with the Civilian Complaint Review Board, and Officer Strauss refused to give identify himself to Plaintiff, but remarked that the complaint Plaintiff would file would be neither the first nor the last complaint a civilian filed against him. Plaintiff then asked Officer Strauss for his shield number, and Officer Strauss mumbled something under his breath that was inaudible to Plaintiff. Officer Strauss then walked away from Plaintiff and his fiancée, and Plaintiff was therefore unable at that time to file a complaint against him.

19.     On or about October 12, 2013, Plaintiff and his fiancée were again driving eastbound on Atlantic Avenue in Queens after having attended religious services at the Jama Masjid. Plaintiff was again at this time dressed in traditional religious clothing of a type that would signify to the average person that Plaintiff is a practicing Muslim.

20.     When Plaintiff was at the corner of Atlantic Avenue and Van Wyck Expressway West— the same intersection at which Officer Strauss nearly collided with his vehicle the previous

month—as he was attempting to make a right turn onto Van Wyck Expressway West, a vehicle stopped in front of him, and he had to back up into the crosswalk area on Atlantic Avenue in order to avoid causing even more of an obstruction or colliding with another vehicle.

21. At that moment the traffic light facing eastbound Atlantic Avenue traffic turned from green to yellow, and Plaintiff attempted to complete his right turn onto Van Wyck Expressway West. However, as Plaintiff was then in the process of completing this right turn, a pedestrian walked in front of his vehicle, and he was suddenly unable either to continue turning right onto Van Wyck Expressway West or to back up his vehicle until it was behind the Atlantic Avenue crosswalk, as other stationary vehicles were occupying all of the eastbound lanes of Atlantic Avenue now that the light had turned red. Plaintiff therefore had no choice but to remain in the crosswalk until the pedestrian in front of his vehicle passed. At this time, Plaintiff noticed that Officer Strauss was parked in the parking lot of the BP gas station on the corner of Atlantic Avenue and Van Wyck Expressway West.

22. Once the pedestrian was out of Plaintiff's way, Plaintiff proceeded to complete his right turn onto Van Wyck Expressway West. Shortly thereafter, as Plaintiff and his fiancée were travelling southbound on the Van Wyck Expressway after having merged on to the expressway via the onramp located more than one block south of Atlantic Avenue, Officer Strauss appeared behind Plaintiff in his police cruiser and pulled Plaintiff's vehicle over. Officer Strauss issued Plaintiff a traffic ticket ("ticket #1," annexed hereto as **Exhibit B**) and told Plaintiff that the ground for the ticket was that Plaintiff was at the Atlantic Avenue traffic light "for more than three seconds." Officer Strauss at this time reiterated his comment that any complaint Plaintiff filed against him would neither be the first nor the last such complaint a civilian filed against him. Plaintiff pled not guilty to the traffic violation alleged on ticket #1, and a trial was set for October 2014.

23. On or about October 14, 2014, Plaintiff's trial for ticket #1 was held at the Traffic Violation Bureau, located at 168-35 Rockaway Blvd. Jamaica, New York 11434.

24. Prior to the start of that trial, Plaintiff had multiple conversations with other individuals present in the court on the day of the trial for ticket #1, each of whom told Plaintiff that Officer Strauss had on at least one prior occasion issued him or her a traffic ticket without any justification and exhibited a rude and arrogant attitude toward them in the process of doing so. All of these individuals were of foreign nationality and/or minority ethnicity.

25. The prosecution's sole evidence at trial consisted of Officer Strauss's testimony that he was parked on Van Wyck Expressway West on the day he issued Plaintiff ticket #1 and that he witnessed Plaintiff committing the alleged traffic violation. As part of Plaintiff's defense, Plaintiff testified that Officer Strauss was not in fact parked on Van Wyck Expressway West at that time but was in fact parked in the parking lot of the BP gas station on the corner of Atlantic Avenue and Van Wyck Expressway West where he noticed Plaintiff. Plaintiff argued in his testimony that if Officer Strauss's cruiser had truly been parked on Van Wyck Expressway West, he would have been able to pull Plaintiff over on Van Wyck Expressway West immediately after Plaintiff completed the right turn instead of waiting until Plaintiff had already merged onto the Van Wyck Expressway and then pulling Plaintiff over several blocks south of Atlantic Avenue.

Plaintiff also mentioned his prior encounter with Officer Strauss in which Officer Strauss nearly collided with his vehicle at a very high speed in his cruiser, and he testified that he had wanted to file a complaint against Officer Strauss but that Officer Strauss had refused to identify himself to Plaintiff at that time.

26. The trial judge was very unsympathetic to Plaintiff and interrupted Plaintiff's testimony that Officer Strauss was not telling the truth about where he was parked by cautioning Plaintiff against accusing a police officer of perjury. Plaintiff informed the tribunal at that time that he had been an NYPD auxiliary police officer in the 1970s, had served in the United States Army and attained the rank of Second Lieutenant, Nuclear, Biological and Chemical Warfare Specialist, and had received a Commendation Medal for Meritorious Service from Governor Cuomo.

27. Officer Strauss took the stand again after the conclusion of Plaintiff's defense, and his rebuttal testimony included a comment that the complaint Plaintiff wished to file against him would be neither the first nor the last such complaint that a civilian filed against him. The trial judge, however, credited Officer Strauss's testimony over Claimant's and found Claimant guilty of the traffic violation.

28. On October 24, 2014, roughly one week after the trial for ticket #1, Plaintiff was yet again driving eastbound on Atlantic Avenue with his fiancée after driving eastbound on Atlantic Avenue in Queens after having attended religious services at the Jama Masjid. Plaintiff was again at this time dressed in traditional religious clothing of a type that would signify to the average person that Plaintiff is a practicing Muslim.

29. At or near the intersection of 109th Street and Atlantic Avenue, Plaintiff spotted Officer Strauss sitting stationary in his police cruiser on the westbound side of Atlantic Avenue. Officer Strauss, upon recognizing Plaintiff's vehicle, made a sudden U-turn onto the eastbound side of Atlantic Avenue, passed three vehicles in front of him, and pulled Plaintiff over at the intersection of 115th Street and Atlantic Avenue. Officer Strauss told Plaintiff he had observed him running a red light. Plaintiff asked Officer Strauss where the red light he allegedly ran was located, and Officer Strauss responded by simply demanding Plaintiff's license and registration, which Plaintiff then provided.

30. After Plaintiff handed Officer Strauss his license and registration, Officer Strauss issued Plaintiff a traffic ticket ("ticket #2," annexed hereto as **Exhibit C**) alleging that while he was parked in his police cruiser at the corner of 111st facing north, he noticed Plaintiff running a red light at the intersection of Atlantic Avenue and 111th Street while driving eastbound. Plaintiff, upon receiving ticket #2, told Officer Strauss that he would file a complaint against him for yet again issuing him a bogus ticket and for harassment and retaliation. Officer Strauss responded by arrogantly reiterating yet again his that such a complaint would be neither the first nor the last such complaint a civilian filed against him. Upon information and belief, Officer Strauss's conduct toward Plaintiff on October 24, 2014 was retaliatory in its motivation and intent, and Officer Strauss undertook said conduct for no purpose other than to unlawfully intimidate Plaintiff because Plaintiff dared to publicly allege prior misconduct by Officer Strauss against

him at his trial earlier that month, and, upon information and belief, out of animus he held against Plaintiff for being a Muslim and/or a person of color.

31.     As a result of the misconduct hereinbefore described, Plaintiff experienced humiliation, emotional distress, pain and suffering, incurred expenses, including legal fees, in connection with his defense on the charges which were lodged against him, and was otherwise damaged.

32.     Upon information and belief, the abuse to which Plaintiff was subjected was consistent with an institutionalized practice of the NYPD, which was known to and ratified by and Defendants CITY and WILLIAM J. BRATTON, which at no time took any effective action to prevent police personnel from continuing to engage in such misconduct.

33.     Upon information and belief, Defendants CITY and WILLIAM J. BRATTON had prior notice of the vicious propensities of Defendant P.O. STRAUSS, but took no steps to train him, correct his abuse of authority, or to discourage his unlawful use of authority. The failure to properly train Defendant P.O. STRAUSS included the failure to instruct him in applicable provisions of the New York Penal Law and Vehicle and Traffic Law.

34.     On information and belief, Defendants CITY and WILLIAM J. BRATTON authorized, tolerated as institutionalized practices, and ratified the misconduct hereinbefore detailed by:

    a.     Failing to properly discipline, restrict, and control employees, including Defendant P.O. STRAUSS, known to be irresponsible in their dealings with citizens of the community; and

    b.     Failing to take adequate precautions in the hiring, promotion, and retention of police personnel, including specifically Defendant P.O. STRAUSS; and

This conduct also constitutes negligence and/or gross negligence under state law.

35.     As a consequence of the abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## FEDERAL CAUSES OF ACTION

36.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

37.     The hereinabove described actions and omissions, engaged in under color of state authority by Defendants, including Defendant CITY, sued as a person, responsible because of its authorization, condonation, and ratification thereof for the acts of its agents, deprived the plaintiff of rights secured to him by the Constitution of the United States, including, but not limited to, his First Amendment right to the free exercise of religion, his Fourth Amendment right to be free from unlawful seizure of his person, his Fifth and Fourteenth Amendment rights to due process of law, his Fourteenth Amendment right to equal protection of the law, and his

Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff brings the aforementioned federal causes of action pursuant to 42 U.S.C. § 1983.

## PENDENT AND SUPPLEMENTAL STATE CAUSES OF ACTION

38. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

39. The acts and conduct hereinbefore alleged constitute violations of Article I, Sections 3, 11, and 12 of the Constitution of the State of New York, Sections 8 and 11 of the New York State Civil Rights Law, and assault, malicious prosecution, abuse of process, prima facie tort, negligence, and gross negligence under the common law of the State of New York. This Court has pendent and supplemental jurisdiction to hear and adjudicate these claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

1. Compensatory damages against each Defendant, jointly and severally, in the amount proven at trial;

2. Punitive and exemplary damages against Defendant P.O. STRAUSS (as allowed by law) in an amount appropriate to punish said Defendant and deter others from engaging in similar misconduct;

3. Costs of suit;

4. Reasonable attorney's fees pursuant to 42 U.S.C.A. § 1988, and as otherwise authorized by statute or law;

5. Pre- and post-judgment interest as permitted by law; and

6. Such other relief, including injunctive and/or declaratory relief, as the Court may deem proper.

Dated: Brooklyn, New York
January 21, 2016

GEOFFREY SCHOTTER, ESQ. (GS4214)
*Counsel for Plaintiff*
65 Lenox Road #1E
Brooklyn, New York 11226
Phone: (347) 413-9014
Fax: (718) 228-8696
Email: geoffrey.schotter@gmail.com