

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

JOANNE M. McLAREN
Assistant Corporation Counsel
phone: (212) 356-2671
fax: (212) 356-3509
email: jmclaren@law.nyc.gov

December 8, 2016

**Via ECF**
Honorable Steven L. Tiscione
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re: Jamal Adeen Azeez v. City of New York, et al.,
       16 Civ. 00342 (NGG)(ST)

Your Honor:

  I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to represent defendants City of New York, former Commissioner William J. Bratton, and Officer Brett Strauss ("Strauss") (collectively, "Defendants") in the above-referenced matter. I write to oppose Plaintiff's motion to compel responses to Plaintiff's most recent set of interrogatories and document requests,[1] and his first set of requests for admissions ("Pl.'s Mot."). Plaintiff's requests violate FRCP 26's proportionality standard, and FRCP 33's limitations on the number of interrogatories. Moreover, his bringing of the motion to compel violates Federal Rule 37 and Local Civil Rule 37.3 which require that Plaintiff confer in good faith with Defendants beforehand. For the reasons set forth herein, Defendants respectfully request that the Court deny Plaintiff's motion to compel. Defendants also respectfully request a brief extension of discovery to permit Defendants to take the depositions of Plaintiff and his wife.

  This case arises out of Strauss' issuance of two traffic tickets to Plaintiff, on or about October 12, 2013, and October 24, 2014, for which Plaintiff was *not* arrested, spent *no* time in police custody, suffered *no* physical injury, and paid fines of only a few hundred dollars. Moreover, Plaintiff was found guilty of both offenses at traffic court, and both judgments against him were affirmed on appeal. He has now brought a civil rights claim, alleging, *inter alia*, that Strauss issued these summonses to Plaintiff because of Plaintiff's skin color and Muslim

---

[1] Plaintiff's motion refers to these as his "second set" of interrogatories and document requests. They are actually his third set.

religion. Defendants have already responded to two sets of interrogatories and two sets of document requests. (*See* Defendants' responses attached hereto as Exhibit A and B). Plaintiff's third set of interrogatories and document requests (attached hereto as Exh. C), and his first set of requests for admissions (attached hereto as Exh. D) seek repetitive, heavy-handed, and irrelevant discovery in a case which is low-value,[2] if not outright frivolous. His discovery conduct should no longer be excused,[3] and his most recent requests should not be permitted.

### I. Plaintiff's Most Recent Set of Interrogatories Violates FRCP 33.

FRCP 33 provides: "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Plaintiff had already exhausted his permissible interrogatories before serving the set which is the subject of his motion to compel. In his first set of interrogatories and requests for production of documents, Plaintiff posed <u>eight</u> interrogatories to Defendants, including Officer Strauss. *See* Exh. A. In another set of discovery requests, also styled as his first set of interrogatories and requests for production of documents, Plaintiff posed <u>twenty-five</u> interrogatories to Officer Strauss. *See* Exh. B. Plaintiff's newest set of <u>fourteen</u> interrogatories to Officer Strauss, *see* Exh. C, are in excess of the 25 which the Rules permit, and were neither agreed to by stipulation nor ordered by this Court. They thus violate FRCP 33, and do not require a response.

### II. Plaintiff's Most Recent Set of Discovery Requests Violates FRCP 26.

"[P]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Plaintiff's discovery requests, and accompanying abusive communications, are not proportional to the needs of this case, and seek nothing of any legitimate value. For example, many of Plaintiff's Requests for Admissions completely mischaracterize facts to which Strauss has already attested (*e.g.*, Request Nos. 6 and 7 assume that Strauss was parked in the BP parking lot when Strauss has testified, and affirmed in discovery, that he was *not* parked in the parking lot; Interrogatory No. 2 asks Strauss to assume that he was facing south on a corner, with no view of the traffic lights, when Strauss has testified and admitted in discovery that he was facing east); most are a waste of time (*e.g.*, Request No. 2: "Admit that when you testified against Plaintiff during both trials, you testified under oath, you raised your right hand, swore and affirmed to tell the truth, and nothing but the truth"; Request Nos. 3, 5, 14, 22 and 23, in which Plaintiff asks Strauss to admit that he lied under oath, which Strauss did not, as Strauss has already attested in response to a prior request); or hopelessly vague and artless (*e.g.*, Request No. 21: "Admit that if

---

[2] Plaintiff orally accepted a *de minimis* settlement early in this case, so he has himself acknowledged its low worth.

[3] Plaintiff has greatly multiplied the cost and the exasperation of discovery in this suit by, *inter alia*: filing a motion to compel Defendants' Initial Disclosures because he had not received them *one day* after they had been timely mailed; filing discovery motions without meeting and conferring; filing multiple motions for a default judgment against Officer Strauss *before* his Answer was due, and while the case was stayed; misrepresenting to the district court and the Second Circuit that Strauss had not requested an extension of time to answer the Complaint and had defaulted, when his lawyer had consented in writing to the extension, the docket reflected that the extension had been granted, and the magistrate judge had told him that the extension had been granted, that there had been no default, and that Plaintiff needed to read her Orders; and representing to the court that he required *pro bono* counsel because he has been unemployed for years, yet claiming lost wages here).

a person with such physical appearances as defendant William J. Bratton had approached and asked you for your name and badge number, you would have showed the required Courtesy, Professionalism and Respect (CPR)"; Interrogatory Nos. 3 and 10: asking why Strauss did not catch up with Plaintiff "immediately" or sooner). Plaintiff cannot hope to obtain testimony of any relevance from such requests, which serve only to waste the parties' time.

## II. Plaintiff Failed to Meet and Confer.

In my recent absence from the office, my colleague, Curt Beck, offered to discuss each discovery request with Plaintiff in a meet-and-confer, in which Plaintiff must engage before bringing this motion. Plaintiff acknowledges that he did not engage in this process.[4] (Pl.'s Mot. at 4). For this additional reason, Plaintiff's motion to compel should be denied.

## III. Miscellaneous Accusations by Plaintiff.

Defendants will not burden the Court with responses to the more trivial of Plaintiff's accusations. Nevertheless, a few points made by Plaintiff deserve brief clarification here. First, Plaintiff erroneously states that Magistrate Judge Go "ruled that Plaintiff is entitled to disclosure and copy of all suits and complaints[,] internal and external, filed against Officer Strauss" and that "Ms. McLaren promised Judge Go to gather them from Corporate Office but apparently failed do so; thus ignoring Judge Go's rulings." This is false. In their written discovery responses, Defendants agreed to provide, *and did provide*, Plaintiff with the names and docket number of cases in which Strauss has been sued. (*See* Exh. A, response to Interrogatory No. 11). Despite having received that information, Plaintiff informed the court that Defendants had not provided it, and I informed the Court that I had. I most certainly did *not* ignore a ruling of Judge Go. In their written responses, Defendants also agreed to produce various potentially pertinent disciplinary records of Strauss, if any such records existed. (*See* Exh. B, Response to Interrogatory No. 1). No such records do exist.

Secondly, Plaintiff complains that his settlement demands go "unanswered." Defendants have explained to him on numerous occasions, on the telephone and in Court, that he has no entitlement to a settlement offer, or a settlement offer conveyed in writing. Moreover, Plaintiff has on numerous occasions filed documents containing confidential settlement offers on the public docket, despite being warned by the undersigned, and the magistrate judge, not to do so. Defendants decline Plaintiff's demand for a written settlement offer.

## IV. Depositions of Plaintiff and his Wife.

Plaintiff and his wife's depositions remain to be scheduled. Defendants request a brief extension of discovery, after resolution of the motion to compel, to permit these depositions to be taken. Defendants apologize for not scheduling these depositions sooner, but my recent absence from the office, and various scheduling issues upon my return, have posed a challenge. In addition, Plaintiff has refused to discuss deposition scheduling until the issues raised in the instant motion have been resolved.

---

[4] Plaintiff is aware of this requirement, as Magistrate Judge Go previously denied one of his motions to compel on this same ground. *See* Order dated June 9, 2016, denying Docket Entry 19.

- 4 -

Defendants thank the Court for its time and consideration.

Respectfully submitted,

Joanne M. McLaren
Assistant Corporation Counsel

cc:  Jamal Adeen Azeez (via ECF)
     *Plaintiff Pro Se*