# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT, BROOKLYN, NEW YORK

| | |
|---|---|
| **JAMAL A. AZEEZ**<br><br>*Plaintiff*<br><br>-against-<br><br>**THE CITY OF NEW YORK,**<br><br>and<br><br>**WILLIAM J. BRATTON**, in his official capacity as the Commissioner of the NYPD,<br><br>and<br><br>**BRETT STRAUSS**, Police Officer, Shield #7360, in his individual and official capacity.<br><br>*Defendants* | Civil Action: **1:16-CV-0342 (NGG-MDG)** |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS

TO: **DEFENDANT BRET STRAUSS**

Plaintiff Jamal A. Azeez, proceeding *pro se*, submits his First Set of Requests for Admissions to Defendant Brett Strauss pursuant to F.R.Civ.P Rule 36.

1

INSTRUCTIONS

1.      If you fail to respond or object to any request within 30 days of the service of these Requests, every matter shall be deemed admitted under Rule 36.

2.      Your written responses must comply with Rule 36 of the Federal Rule of Civil Procedure, in that if you do not admit each matter, you must separately respond **under oath** to each request by:
(a) Admitting so much of the matter involved in the request as is true, either as expressed in the request itself or as reasonably and clearly qualified by you;
(b) By denying so much of the matter involved in the request as is untrue; and
(c) Specifying so much of the matter involved in the request as to the truth in which you lack sufficient information or knowledge.

3.      If your response to a particular request lacks information or knowledge as a reason for failure to admit all or part of a request for admission, then you shall state in the answer that a reasonable inquiry concerning the matter in the particular request has been made, and that the information known or readily obtainable is insufficient to enable you to admit that matter.

4.      These Requests shall be deemed continuing and supplemental answers shall be required if you directly or indirectly obtain further information after your initial response as provided by F.R.Civ.P Rule 26(e).

5. Each Request solicits all information obtainable by you and through other defendants, your attorneys, investigators, agents, employees and representatives.

REQUESTS:

**Request for Admission: Request No. 1**

Admit that you were acting under the color of law when you issued both summonses, testified at both trials, and answered the federal complaint.

**Request for Admission: Request No. 2**

Admit that when you testified against Plaintiff during both trials, you testified under oath, you raised your right hand, swore and affirmed to tell the truth, and nothing but the truth.

**Request for Admission: Request No. 3**

During the first trial, admit that when the Judge asked if you had '*any contact with this motorist prior to issuing this ticket',* and responded, "*Not that I recall*", you were telling a lie.

**Request for Admission: Request No. 4**

Admit that when you testified, '*I don't know this guy from a whole in the wall'* in regards to any prior encounter with Plaintiff, you were telling a lie.

**Request for Admission: Request No. 5**

During the first trial also, you first testified on two occasions, "*I was parked on the sidewalk..... I was parked on the sidewalk*", then later testified, "*The fact of the matter is that I was (parked) on the corner,..... I don't remember*", then later, you further testified, "*I was parked in the corner.. I'm you know, on the sidewalk*", admit you were telling lies.

**Request for Admission: Request No. 6**

Admit that you were parked in the BP gas station parking lot when you noticed Plaintiff crossed the red light.

**Request for Admission: Request No. 7**

Admit that the reason you pulled over Plaintiff half a mile away on the Expressway is that you were parked in the BP gas station parking lot and had to stop the flow of oncoming traffic on the service lane before gaining safe access onto the Expressway.

**Request for Admission: Request No. 8**

Admit that it was in the same BP gas station parking lot where you were parked when you gave high-speed chase (driving in the opposite direction to reach the other motorist) during the previous near-collision you encountered with Plaintiff.

**Request for Admission: Request No. 9**

Admit that you pulled Plaintiff over approximately half a mile away (on the Van Wyck Expressway) after Plaintiff allegedly ran the red light

**Request for Admission: Request No. 10**

Since you admitted in your Answer to the Amended Complaint that you indeed had a 'prior encounter' with Plaintiff, admit that it was meant to be an 'unspecified date' **before** you accused Plaintiff of running the first red light; which was on October 12, 2013.

**Request for Admission: Request No. 11**

Admit that you never provided your name or badge number when Plaintiff demanded such information immediately after the first encounter.

**Request for Admission: Request No. 12**

Admit that you did not PRINT your name on both Summonses.

**Request for Admission: Request No. 13**

Admit that you incorrectly print Plaintiff's license plate as "DYB 880" on the first Summons.

**Request for Admission: Request No. 14**

Admit that when you testified during the second trial and stated, *'I pulled him over on East on Atlantic Ave **on 111 Street'*** you were telling a lie.

**Request for Admission: Request No. 15**

Admit that when you stated in your answer to the civil rights amended complaint, *"I pulled him over at **115 Street**"*, you were telling the truth.

**Request for Admission: Request No. 16**

Since you testified several times during the second trial, "*I never lost sight of the defendant*" after you began chase, admit the reason for pulling Plaintiff over at 115 Street is that you had to pass a few vehicles that were behind Plaintiff's car.

4

**Request for Admission: Request No. 17**

Admit that if Plaintiff ran the light at 111 Street, and you began immediate chase from the same intersection where you were allegedly parked, every vehicle that followed Plaintiff's car ran the same light also.

**Request for Admission: Request No. 18**

Admit that the reason you did not, and could not, pulled Plaintiff **at or near** the two intersections in question, is that you were parked distance away from both traffic lights.

**Request for Admission: Request No. 19**

Admit that you began stalking Plaintiff after he threatened to file a complaint against you.

**Request for Admission: Request No. 20**

Admit that you began stalking Plaintiff in **retaliation** after he approached and accused you of driving recklessly that nearly killed him and his wife.

**Request for Admission: Request No. 21**

Admit that if a person with such physical appearances as defendant William J. Bratton had approached and asked you for your name and badge number, you would have showed the required Courtesy, Professionalism, and Respect (CPR) and **complied** with such request.

**Request for Admission: Request No. 22**

Admit that you testified untruthfully.

**Request for Admission: Request No. 23**

Admit that you testified perjuriously to earn both convictions.

                                                                     Respectfully submitted,

Dated and Mailed on: 11th of October, 2016.

cc: Joanne McLaren, Esq. (Defendants' counsel), via email and US Mail.