UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JAMAL ADEEN AZEEZ,

                      Plaintiff,

             -against-

CITY OF NEW YORK, WILLIAM J. BRATTON,
and BRETT STRAUSS,

                    Defendants.
---------------------------------------------------------------X

**REPORT &
RECOMMENDATION**
16-CV-342-NGG-SJB

**BULSARA, United States Magistrate Judge:**

Pro Se Plaintiff Jamal Adeen Azeez ("Azeez") once again seeks to undo the final

judgment dismissing his case.  In this 2016 case, Azeez has filed a second Rule 60(b)

motion that either recycles meritless arguments that this Court and the Second Circuit

have already rejected or that are not cognizable under the Federal Rules of Civil

Procedure.  The Honorable Nicholas G. Garaufis referred the motion for a report and

recommendation.  For the reasons stated below, it is respectfully recommended that the

motion be denied.

<u>BACKGROUND</u>

Azeez commenced this civil rights action against Defendants City of New York

(the "City"), New York Police Department ("NYPD") Commissioner William J. Bratton

("Bratton"), and NYPD Officer Brett Strauss ("Strauss") (collectively, "Defendants") on

January 21, 2016, pursuant to 42 U.S.C. § 1983 and state law for, among other things,

making false and racially and religiously motivated accusations that Azeez violated the

traffic laws by running two red lights.  (Compl. dated Jan. 21, 2016, Dkt. No. 1); *see also*

*Azeez v. City of New York*, 790 F. App'x 270, 272 (2d Cir. 2019).  Azeez was pulled over

by Strauss on two occasions and found guilty for two traffic infractions, decisions that

were affirmed on appeal multiple times, in proceedings before the New York

Department of Motor Vehicles ("DMV").  *Azeez v. City of New York*, No. 16-CV-342,

2018 WL 4017580, at *2–3 (E.D.N.Y. Aug. 22, 2018), *aff'd*, 790 F. App'x 270 (2d Cir.

2019).  Azeez nonetheless believed that Defendants' conduct was discriminatory and

violated federal and state law.

I.    <u>Summary Judgment</u>

On August 22, 2018, the Court granted Defendants' motion for summary

judgment as to all claims brought by Azeez, while denying Azeez's cross-motion for

summary judgment.  *Id.* at *1.

In addressing the summary judgment motions, the Court noted that "[e]ven

under the most liberal construction of [Azeez's summary judgment] brief, the court

would be forced to conclude that [he] has abandoned the vast majority of his claims."

*Id.* at *6.  Azeez failed to address his claims "against former Police Commissioner

Bratton, of municipal liability, supervisory liability, violations of equal protection,

retaliation, malicious abuse or process, and each and all of his purported state law

claims." *Id.*  Nonetheless, the Court exercised its discretion to examine each claim on

the merits. *Id.* at *7.

In so doing, the Court rejected all claims.  First, as to Bratton, the claims were

dismissed as duplicative of the claims against the City.  *Id.*

On the malicious prosecution claim, Azeez's claim failed because the

"prosecution" about which he complained—based on the traffic infractions—was a civil

proceeding—not criminal; the verdict against him was upheld twice on appeal, and the

prerequisite for such a claim—a favorable termination—was absent; and he failed to

establish that Strauss lacked probable cause to initiate the proceeding.  *Id.* at *7–8.

The Court also held the doctrine of collateral estoppel "precluded [Azeez] from relitigating whether he ran either of the red lights in question." *Id.* at *9. And as to his "accusations that Strauss committed 'perjury,'" those were "baseless" or "immaterial":

> Strauss states that his inconsistency on whether he pulled Plaintiff's car over at 111th Street or 115th Street was due to his having misspoken, a totally plausible rationale that Plaintiff nonsensically rejects. Furthermore, whether Strauss pulled Plaintiff's car over at 111th Street or 115th Street is immaterial—the question of Plaintiff's guilt turned on whether he ran the red light.

2018 WL 4017580, at *9 (citations omitted).

Azeez's malicious abuse of process claim failed because "[t]here [wa]s no evidence in the record that Strauss sought to pursue an improper purpose at any point during his interactions with Plaintiff. Plaintiff d[id] not even allege such a thing[.]" *Id.* at *11.

"Liberally constru[ing ] [Azeez]'s pleadings," the Court then found that an equal protection claim based on allegations that "Strauss twice discriminated against him 'on the basis of [Azeez]'s foreign ethnicity, color, religion, and/or race'" during the traffic encounters was also meritless. *Id.* (quoting (Am. Compl. dated May 17, 2011, Dkt. No. 14 ¶ 2)). Azeez failed to make any showing that the traffic stops were made on the basis of an impermissible consideration to support a discrimination claim. *Id.* His First Amendment retaliation claim failed because Azeez could not "show that his speech was either silenced or chilled—*i.e.*, that his right to free speech was actually violated." *Id.* (quotation omitted).

Azeez had no Sixth Amendment claim because the Amendment only applies to criminal prosecutions and he was not criminally prosecuted. *Id.* at *13. He had no Eighth Amendment claim because the few hundred dollars in traffic fines were not

shown to be "grossly disproportionate to the gravity of the offense." *Id.* (quotation

omitted). Nor did he have a due process claim under the Fifth and Fourteenth

Amendments based on Strauss's alleged falsities because among other reasons, "there

[wa]s no legal basis to support the contention that Strauss lied during his testimony

before the DMV leading to a deprivation of Plaintiff's right to due process." *Id.* In any

event, "such a claim would indeed impermissibly overlap with Plaintiff's malicious-

prosecution claim." *Id.*

Ultimately, because he failed to allege a constitutional injury, and even if he

could, "he ha[d] not pleaded facts sufficient to establish a municipal policy leading to

any constitutional injury," *id.* at *14, his Section 1983 claim failed, *id.* at *15. Because of

the dismissal of all federal claims, the Court declined to exercise supplemental

jurisdiction over any potential state law claims pursuant to 28 U.S.C. § 1367(c)(3). 2018

WL 4017580, at *16.

After the Court resolved the summary judgment motions, the Clerk of Court

entered final judgment in favor of Defendants on August 22, 2018, and the case was

closed. (Clerk's J. dated Aug. 22, 2018, Dkt. No. 92).

II.    First Post-Judgment Motion

On October 5, 2018, Azeez moved to amend the judgment, (Mot. to Amend J. &

Order dated Oct. 5, 2018 ("Mot. to Amend. J."), Dkt. No. 94), which the Court

considered under Federal Rules 59 and 60 and Local Civil Rule 6.3, (Order dated Nov. 1,

2018, Dkt. No. 100 at 1–2). The Court denied the motion pursuant to Local Rule 6.3 and

Rule 59(e) as untimely since it was filed more than 14 days after the entry of the order

and 28 days after the entry of judgment. (*Id.* at 1).

The motion was also denied pursuant to Rule 60(b)(6) because Azeez did "not come close to meeting Rule 60(b)(6)'s strict requirements." (*Id.* at 3). The Court rejected all of Azeez's meritless arguments (1) that the Court inappropriately denied his summary judgment motion; (2) that the Court ignored relevant evidence, particularly evidence of Strauss's alleged perjury; (3) that the Memorandum and Order was authored by Defendants and was politically motivated; and (4) that the "outcome of this case would have been totally different had [Azeez] [been] able to hire an attorney." (*Id.*; Mot. to Amend. J. at 4).

III.    Appellate Proceedings

Soon after he had filed his motion to amend the judgment, Azeez filed an appeal with the Second Circuit. (Notice of Appeal dated Oct. 9, 2018, Dkt. No. 96).

On October 29, 2019, the Second Circuit issued a summary order affirming the Court's entry of final judgment dismissing his case. 790 F. App'x at 274. The Court of Appeals concluded Azeez had waived most of his claims, including all claims against Bratton; the claims under the Fifth, Sixth, and Eighth Amendments; Section 1983 claims against the City; all state law claims; the malicious prosecution claim; the retaliation and discrimination claims; and claims based on the "argument that Strauss's supervisors should have been held accountable for concealing Strauss's past misconduct." *Id.* at 272.

The Court of Appeals also agreed that there was "no legal or factual basis to support Azeez's contention that Strauss committed perjury during his testimony at the hearings of the Department of Motor Vehicles." *Id.* at 273. In examining Strauss's statements, the Court of Appeals concluded that

> Strauss's statements evince, at most, minor inconsistencies immaterial to the issue of whether Azeez committed the traffic violations, for example, the exact location where Strauss may have been parked before he pulled Azeez over to ticket him, where Azeez was pulled over, or whether Strauss remembered any previous contact with Azeez.  More critically, however, Azeez ha[d] provided no evidence of Strauss's intent to provide false testimony in order to contrive a conviction against Azeez.

*Id.*

As to the malicious prosecution claim, the Court also concluded that the claim failed because Azeez "failed to satisfy the first and fourth elements of his claim." *Id.* at 274.  "The first element requires the initiation or continuation of a *criminal* proceeding against plaintiff.  But Azeez ha[d] not shown that a criminal prosecution ha[d] been initiated against him.  Nor could he, since the underlying traffic infractions are not a crime." *Id.* (quotations and citation omitted).  And "assuming, for the sake of argument only, that the traffic infractions could constitute 'a prosecution' against Azeez, he ha[d] not satisfied the fourth element of the claim, as Azeez was found guilty of each traffic infraction, and thus the matter [did not] terminate[ ] in [his] favor." *Id.* (quotation omitted).

Finally, the Second Circuit rejected as meritless some of the same procedural arguments Azeez raised in his post-judgment motion.  The Court of Appeals rejected Azeez's argument that the District Court failed to liberally construe his pro se pleadings and filings—"the District Court went to significant lengths to liberally construe his claims and arguments." *Id.*  The Circuit held that the Court also properly denied Azeez's request for an entry of default as to Strauss "because Strauss had not defaulted." *Id.*  Azeez's argument that had he had counsel, his case would have been resolved favorably, though not addressed by the Second Circuit, was rejected by its affirmance of the

judgment.  *See* Br. of Appellant at 13 n.5, 29 & n.22, 31, *Azeez v. City of New York*, No. 18-CV-3075 (2d Cir. Nov. 16, 2018), Dkt. No. 21.

On January 23, 2020, the Second Circuit denied Azeez's petition for panel rehearing or, in the alternative, for rehearing en banc.  Order, *Azeez v. City of New York*, No. 18-CV-3075 (2d Cir. Jan. 23, 2020), Dkt. No. 109.

On January 30, 2020, the Second Circuit returned a mandate affirming the Court's judgment.  *See* J. Mandate, *Azeez v. City of New York*, No. 18-CV-3075 (2d Cir. Jan. 30, 2020), Dkt. No. 110.

On February 26, 2020, Azeez attempted to file a motion to stay the mandate, *see* Appellant's Mot. for Stay of Mandate, *Azeez v. City of New York*, No. 18-CV-3075 (2d Cir. Feb. 26, 2020), Dkt. No. 112, but his "papers [we]re returned unfiled" because the "case was mandated on January 30, 2020," and the Second Circuit "no longer ha[d] jurisdiction to entertain [Azeez's] request," *see* Notice of Non-Jurisdiction at 1, *Azeez v. City of New York*, No. 18-CV-3075 (2d Cir. Feb. 26, 2020), Dkt. No. 113.

IV.     The Second Post-Judgment Motion

On the same day he attempted to stay the mandate, Azeez filed the present motion for relief from judgment pursuant to Rule 60(b).  (Mot. for Relief from J. dated Feb. 26, 2020 ("Mot."), Dkt. No. 104).  The Honorable Nicholas G. Garaufis referred the motion to the undersigned for a report and recommendation.  (Order Referring Mot. dated Feb. 28, 2020).

DISCUSSION

Federal Rule 60 "prescribes procedures by which a party may seek relief from a final judgment."  *House v. Sec'y of Health & Hum. Servs.*, 688 F.2d 7, 9 (2d Cir. 1982). Rule 60(b) provides that

7

> [o]n motion and just terms, the court may relieve a party or its legal
> representative from a final judgment, order, or proceeding for the following
> reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>>
>> (2) newly discovered evidence that, with reasonable diligence, could
>> not have been discovered in time to move for a new trial under Rule
>> 59(b);
>>
>> (3) fraud (whether previously called intrinsic or extrinsic),
>> misrepresentation, or misconduct by an opposing party;
>>
>> (4) the judgment is void;
>>
>> (5) the judgment has been satisfied, released, or discharged; it is
>> based on an earlier judgment that has been reversed or vacated; or
>> applying it prospectively is no longer equitable; or
>>
>> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *cf. Gil v. Frantzis*, No. 17-CV-1520, 2019 WL 5694074, at *5

(E.D.N.Y. Aug. 22, 2019), *report and recommendation adopted*, 2019 WL 4784674

(Oct. 1, 2019).

Granting a motion pursuant to Rule 60(b) constitutes "extraordinary judicial

relief" and should be "invoked only upon a showing of exceptional circumstances."

*Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). "The burden is on the moving party

to demonstrate that it is entitled to relief, and courts '[g]enerally . . . require that the

evidence in support of the motion to vacate a final judgment be highly convincing.'"

*Thai-Lao Lignite (Thai.) Co. v. Government of the Lao People's Democratic Republic*,

864 F.3d 172, 182 (2d Cir. 2017) (alterations in original) (quoting *Kotlicky v. U.S. Fid. &*

*Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)).

Azeez's motion argues that there are multiple grounds for relief from the

judgment, but nonetheless argues that this Court lacks authority to decide the motion

now because his case is pending before the Second Circuit.  (Mot. at 1–2).  Azeez presents what he labels as "newly discovered evidence" of Strauss's perjury and continued harassment and retaliation from Defendants.  (*Id*. at 3, 6–7).  He also includes arguments related to his pro se status, stating he gave notice of what amendments he would have made to his complaint had he had counsel and citing case law regarding the Sixth Amendment right to counsel.  (*See id*. at 2, 4–5).  Azeez also challenges the cost of his and his wife's depositions, argues that defense counsel should have been sanctioned, and concludes the judgment is void.  (*Id*. at 3–4).

As explained below, because there is no pending appellate case, and no stay, this Court may decide the Rule 60(b) motion now.  The motion should be denied because the Court is barred from reconsidering whether Strauss lied; any "newly discovered evidence" is untimely, and even if it was not untimely, Azeez presents no evidence that is actually "newly discovered"; and Azeez's other arguments provide no basis for relief from the final judgment.

I.     The Court May Decide The Motion

Azeez contends "this Court lacks authority to grant relief under Federal Rules of Civil Procedure Rule 60(b) because the case is still pending before the Second Circuit on a Motion To Stay Mandate that has been pending the decision on a forthcoming petition for certiorari filed in the Supreme Court."  (*Id*. at 1–2).  Along the same vein, Azeez describes his case as a "complex capital case, where the Court has previously procedurally defaulted certain inartfully-drafted claims (such as intentional infliction of emotional distress) under rules which no longer apply" and, as such, states the Court should follow Rule 62.1.  (Mot. at 2).

Rule 41(d)(1) of the Federal Rules of Appellate Procedure permits a party to file a motion "to stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court.  The motion must be served on all parties and must show that the petition would present a substantial question and that there is good cause for a stay." Otherwise, a "mandate is effective when issued."  Fed. R. App. P. 41(c).

Azeez attempted to file such a motion at the same time he filed the motion pending before this Court, *see* Appellant's Mot. for Stay of Mandate, *Azeez v. City of New York*, No. 18-CV-3075 (2d Cir. Feb. 26, 2020), Dkt. No. 112, but the Court of Appeals rejected his motion because it no longer had jurisdiction, *see* Notice of Non-Jurisdiction at 1, *Azeez v. City of New York*, No. 18-CV-3075 (2d Cir. Feb. 26, 2020), Dkt. No. 113.  As a consequence, no stay is place now, nor was one at the time Azeez filed his motion: the Second Circuit affirmed the Court's judgment by mandate on January 31, 2020, nearly a full month before Azeez's motion was served and filed.  (*See* Mot. at 8 ("Azeez hereby certifies that a copy of this Motion and attachments were sent via US Mail and email . . . to counsel for the Appellees on 02/24/2020[.]")).

Therefore, this Court may decide Azeez's Rule 60(b) motion for relief from judgment now.

II.   Law of the Case

"'[T]he law of the case doctrine forecloses reconsideration of issues that were decided—or that could have been decided—during prior proceedings' in the same case." *Manolis v. Brecher*, 634 F. App'x 337, 338 (2d Cir. 2016) (alteration in original) (quoting *United States v. Williams*, 475 F.3d 468, 471 (2d Cir. 2007)).  Under one branch of the law of the case doctrine, "[w]hen an appellate court has once decided an issue, the trial court, at a later stage of the litigation, is under a duty to follow the

appellate court's ruling on that issue." *Brown v. City of Syracuse*, 673 F.3d 141, 147 (2d Cir. 2012) (alteration in original) (quoting *Doe v. N.Y.C. Dep't of Soc. Servs.,* 709 F.2d 782, 788 (2d Cir. 1983)).  A party may not "impermissibly s[eek] to re-litigate issues that [the Court of Appeals] had already considered and disposed of in his first appeal." *Jeffreys v. United Techs. Corp.*, 69 F. App'x 28, 30 (2d Cir. 2003).  "This 'mandate rule prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate.'" *Brown*, 673 F.3d at 147 (quoting *Yick Man Mui v. United States,* 614 F.3d 50, 53 (2d Cir. 2010)).  In addition, "'where an issue was ripe for review at the time of an initial appeal but was nonetheless foregone,' it is considered waived and the law of the case doctrine bars the district court on remand and an appellate court in a subsequent appeal from reopening such issues[.]"  *Manolis*, 634 F. App'x at 338 (quoting *United States v. Quintieri*, 306 F.3d 1217, 1229 (2d Cir. 2002)).

As such, "a district court does not have jurisdiction to alter an appellate ruling where the appellate court has already considered and rejected the basis for the movant's Rule 60(b) motion."  *LFoundry Rousset, SAS v. Atmel Corp.*, 690 F. App'x 748, 751 (2d Cir. 2017) (quoting *DeWeerth v. Baldinger*, 38 F.3d 1266, 1270 (2d Cir. 1994)); *Maldonado v. Loc. 803 I.B. of T. Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013) ("A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided.").  In deciding a Rule 60(b) motion after the Court of Appeals affirms the judgment, "the district judge is not free to flout the decision of the appellate court" and is only "free to consider whether circumstances not previously known to either court compel" relief from the judgment.  11 Charles A. Wright & Arthur Miller et al., *Federal Practice and Procedure* § 2873 (3d ed. 2020).

Azeez's renewed Rule 60(b) motion attempts to relitigate, in one way or another, issues already resolved by the Second Circuit. The motion, therefore, should be denied.

*First*, Azeez seeks to relitigate the issue of whether Strauss lied in this litigation and the underlying DMV proceedings. He attached a chart to his motion that is a list of statements attributed to Strauss from the DMV proceedings and his federal deposition. (*See* List of Inconsistent Statements by Strauss, attached as Ex. A to Mot., Dkt. No. 104). Strauss testified in the traffic proceedings before this federal action even began—his testimony was partially the impetus for the suit—and Strauss's deposition was taken before summary judgment motions were made. (Tr. of DMV Hr'g dated Oct. 14, 2014, attached as Ex. H to Decl. of Joanne M. McLaren ("Tr. of DMV Hr'g"), Dkt. No. 84); *see also* 2018 WL 4017580, at *6, *8–9. The transcript of the DMV testimony of Strauss was filed during summary judgment briefing, (*see* Tr. of DMV Hr'g), and Azeez heavily relied on quotes from it and Strauss's deposition transcript in his summary judgment arguments, (*see* Pl.'s Resp. in Opp. to Defs.' Mot. for Summ. J. dated Oct. 10, 2017, Dkt. No. 88 at 5–13).

This Court previously denied Azeez's accusations that Strauss committed perjury as "baseless," "nonsensically reject[ing]" rational explanations for an inconsistency in statements, and immaterial. 2018 WL 4017580, at *9. Then the Second Circuit decided this issue, concluding that "Strauss's statements evince, at most, minor inconsistencies immaterial to the issue of whether Azeez committed the traffic violations" and that "Azeez . . . provided no evidence of Strauss's intent to provide false testimony in order to contrive a conviction against Azeez." 790 F. App'x at 273. Azeez can, therefore, no longer use a Rule 60(b) motion to relitigate this issue. *See, e.g.*, *LFoundry Rousset*, 690 F. App'x at 751 ("The district court . . . was foreclosed from considering the Rule 60(b)

motion . . . . [T]his court's mandate clearly encompassed the arguments made in the Rule 60(b) motion before the district court.").

*Second*, Azeez's arguments that his procedural defaults should be excused, (Mot. at 2), and that he had a right to counsel, (*id.*), were also previously made and cannot be relitigated.  The Court, in denying Azeez's first post-judgment motion, found that it had "thorough[ly]" considered the record and his claims despite Azeez's procedural defaults—including his waiver and abandonment of certain claims.  (*See* Order dated Nov. 1, 2018, Dkt. No. 100 at 3).  Then the Second Circuit rejected the same arguments, stating that "the District Court went to significant lengths to liberally construe his claims and arguments."  790 F. App'x at 274.[1]

Separately, while his argument that he retained a right to amend his complaint, (Mot. at 4), was not raised previously, it could have been raised during discovery, in

---

[1] Azeez's "right to counsel" argument is frivolous.  The right to counsel is only present in criminal cases, *Sevilla v. Perez*, No. 15-CV-3528, 2016 WL 5372792, at *9 (E.D.N.Y. Sept. 26, 2016) ("The Sixth Amendment applies only to criminal proceedings." (citing *Dogget v. United States*, 505 U.S. 647, 651 (1992))), and this is not a criminal case, 790 F. App'x at 274 ("[T]he underlying traffic infractions are not a crime.").  Nor is it a habeas proceeding.

Azeez's summary judgment opposition, or his first Rule 60(b) motion.[2]  Where a plaintiff fails to raise an argument asserting a right to amend before the District Court and then appeals the final judgment, such arguments are waived; no opportunity to amend remains.  *See, e.g.*, *Miller v. Ret. Program Plan for Emps. of Consol. Nuclear Sec., LLC*, No. 17-CV-521, 2019 WL 5865924, at *4 (E.D. Tenn. Nov. 8, 2019) ("Plaintiff seeks to amend his complaint to add a new claim against Defendant, which Defendant contends he waived by failing to raise it previously. . . . Plaintiff knew he could bring the claim prior to his appeal, and by choosing not to do so, he has waived his right to raise the claim.").  And the Court of Appeals having affirmed the Court's entry of final judgment and dismissal of all of Azeez's claims without any instructions to this Court or a remand, the Court lacks the ability to permit any amendment based on the argument Azeez presents.  *See Serby v. First Alert, Inc.*, 783 F. App'x 38, 40 (2d Cir. 2019) ("'The mandate rule compels compliance on remand with the dictates of the superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court.' '[T]o determine whether an issue remains open for reconsideration on remand, the [lower] court should look to both the specific dictates of the remand order as well as the

---

[2] Azeez included a clause at the end of his Amended Complaint purportedly reserving this right, (Am. Compl. at 11), but no argument was made about it until the present motion.

This "right to amend" argument is also frivolous.  A party may not retain for himself an indefinite non-expiring right to amend the complaint.  The time to amend in the case passed years ago.  *See, e.g.*, *Azkour v. Bowery Residents' Comm., Inc.*, No. 13-CV-5878, 2017 WL 4329629, at *3 (S.D.N.Y. Sept. 13, 2017) ("In his two motions for reconsideration . . . , plaintiff simply argues that he has a right to amend as a matter of course under Rule 15(a)(1).  But as discussed above, plaintiff's right to amend as a matter of course expired several years ago." (citation omitted)).  Furthermore, Azeez asserts that he retained this right so he could amend upon the retention or appearance of counsel.  Because he has not retained counsel, and has no right to counsel, even on his own terms, Azeez lacks a right to amend.

broader spirit of the mandate.'" (alteration in original) (citation omitted) (quoting *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001); *Parmalat Cap. Fin. Ltd. v. Bank of Am. Corp.*, 671 F.3d 261, 270 (2d Cir. 2012)); *see also United States v. Cirami*, 563 F.2d 26, 33 (2d Cir. 1977) (holding the effect of implied decisions in the Circuit's mandate "is true also at a later stage in the litigation where the case is again before the trial court not on remand but, for example, on a new motion to vacate the judgment"); *e.g.*, *Weisshaus v. Port Auth. of N.Y. & N.J.*, -- F. App'x --, No. 19-CV-161, 2020 WL 2769093, at *3 (2d Cir. May 28, 2020) (holding District Court correctly dismissed argument raised by plaintiff that he had adequately pleaded a particular claim, or should be granted leave to amend, as outside the scope of the Second Circuit's mandate on remand because the Circuit had otherwise affirmed the dismissal of all of plaintiff's claims in all respects except for narrow instructions for the District Court to consider).

III.   <u>Newly Discovered Evidence</u>

Azeez claims that there is "newly discovered" evidence—namely the November 2019 summons issued by an officer from the same NYPD precinct that issued the prior violations—that entitles him to Rule 60(b) relief.  The argument has no merit.

*First*, a Rule 60(b)(2) motion based on new evidence must be made "within a reasonable time—and . . . no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).  An appeal does not toll the one-year limitations period for motions made pursuant to Rule 60(b)(1)–(3).  *Williams v. City Univ. of N.Y.*, No. 10-CV-2127, 2014 WL 11462808, at *2 (E.D.N.Y. Jan. 22, 2014) ("An appeal of the judgment does not toll the one year period for filing a Rule 60(b) motion because such a motion can be made even though an appeal has been taken and is pending." (quotation omitted)), *aff'd*, 590 F. App'x 84 (2d Cir. 2015); *see also King v.*

*First Am. Investigations, Inc.*, 287 F.3d 91, 94 (2d Cir. 2002). And "the Second Circuit's issuance of the mandate does not restart the clock as to the Rule 60 one-year limitations period." *Wyche v. Advanced Drainage Sys., Inc.*, 332 F.R.D. 109, 115 (S.D.N.Y. 2019). Because Azeez filed the present motion on February 26, 2020, one-and-a-half years after judgment was entered on August 22, 2018, his motion based on newly discovered evidence is untimely. *See, e.g.*, *Jeffreys*, 69 F. App'x at 30 ("To the extent [pro se plaintiff] relies on Rule 60(b)(1), (2), or (3), his motion is clearly untimely, as it was filed 'more than one year after the judgment . . . was entered." (alteration in original)); *Brown v. Combs*, 241 F. App'x 761, 762 (2d Cir. 2007) ("Brown's motion to vacate the judgment on the basis of newly discovered evidence . . . was untimely as it was filed more than 18 months after the District Court entered judgment on December 16, 2004.").

      *Second*, evidence of events that occur after the entry of judgment cannot be the basis of Rule 60(b) relief: "[n]ewly discovered evidence must be of '*facts that existed* at the time of trial or other dispositive proceeding." *Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, -- F.3d --, No. 18-CV-3807, 2020 WL 4644799, at *11 (2d Cir. Aug. 12, 2020) (emphasis added and omitted) (quoting *Mirlis v. Greer*, 952 F.3d 36, 50 (2d Cir. 2020)); *NYC Med. Practice, P.C. v. Shokrian*, No. 19-CV-162, 2020 WL 1853203, at *3 (E.D.N.Y. Jan. 31, 2020) ("Newly *discovered* evidence must have existed at the time that the underlying motion was adjudicated[.]"). Azeez describes an interaction with an unidentified officer on November 10, 2019, who Azeez says was driving a cruiser from same precinct Strauss was assigned to. (Mot. at 3, 6–7). These events occurred even after the Court entered judgment on August 22, 2018—the evidence is not within Rule 60's reach. *See, e.g.*, *TAL Props. of Pomona, LLC v. Village of Pomona*, No. 17-CV-

2928, 2019 WL 3287983, at *6 n.4 (S.D.N.Y. July 22, 2019) ("These events are irrelevant.  To the extent these events occurred after the motion to dismiss was granted, evidence of them 'is not newly discovered evidence that was in existence at the time of the order; it is simply new evidence.'" (quoting *Kurzweil v. Philip Morris Cos.*, No. 94-CV-2373, 1997 WL 167043, at *5 (S.D.N.Y. Apr. 9, 1997))), *appeal dismissed*, (May 29, 2020); *Kurzweil*, 1997 WL 167043, at *5 ("[T]his evidence is not newly *discovered* evidence that was in existence at the time of the order; it is simply new evidence.").[3]

IV.    Costs and Sanctions

After the Second Circuit issued its mandate, Defendants filed an application pursuant to Rule 54, Local Civil Rule 54.1, and 28 U. S.C. §§ 1920 and 1923, requesting an order that taxable costs be paid by Azeez.  (*See* Bill of Costs dated Feb. 20, 2020, Dkt. No. 103 at 1).  Azeez takes issue with Defendants' request.  (*See* Mot. at 4–5).

Federal Rule 54 provides "[u]nless a federal statute, the[ ] rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Sections 1920 and 1923 authorize the recovery of certain costs and expenses.  28 U.S.C. §§ 1920, 1923(a).  And "[b]y local rule,

---

[3] Azeez also conclusorily argues the judgment is void.  This argument is meritless. "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.  A judgment is not void, for example, simply because it is or may have been erroneous." *Williams*, 2014 WL 11462808, at *3 (quoting *U.S. Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270–71 (2010)); *Freasier v. Mulderig*, No. 87-CV-6327, 2009 WL 2610714, at *1 (S.D.N.Y. Aug. 24, 2009) ("While he also cites Rule 60(b)(4), which permits relief if 'the judgment is void,' . . . he has provided no grounds to believe that either of these subsections is implicated, other than as a duplicative repackaging of his conclusory fraud allegations.  Mulderig's motion for relief from judgment is therefore DENIED.").

the court may establish special procedures to resolve fee-related issues without extensive evidentiary hearings." Fed. R. Civ. P. 54(d)(2)(D).

Local Rule 54.1(a) includes a process for consideration of taxable costs by the Clerk of Court:

> [I]n the case of an appeal by any party, within thirty (30) days after the final disposition of the appeal, . . . any party seeking to recover costs shall file with the Clerk a notice of taxation of costs by Electronic Case Filing, . . . and annexing a bill of costs. . . . Within thirty (30) days after the determination of any appeal, motion for reconsideration, or motion for a new trial, the party seeking tax costs shall file a new notice of taxation of costs. . . . The bill of costs shall include an affidavit that the costs claimed are allowable by law, are correctly stated and were necessarily incurred.  Bills for the costs claimed shall be attached as exhibits.

The Local Rules also provide for an objection process:

> A party objecting to any cost item shall serve objections by Electronic Case Filing, . . . a pro se party may do so in writing, prior to the date and time scheduled for taxation. . . .  The Clerk will proceed to tax costs at the time scheduled and allow such items as are properly taxable.

Local Rule 54.1(b); *see id.* r. 54.1(c) (listing taxable costs).

Azeez says counsel for Defendants misrepresented aspects of the case in the costs application. (Mot. at 4–5).  He describes "sanctionable" conduct related to Defendants' deposition of Azeez, including an incident where defense counsel blocked Azeez from leaving the room.  (*Id.* at 5).  He also states that counsel "knew the actual truth" of the underlying events of the lawsuit, implying Strauss lied and counsel was aware.  (*Id.*). Relatedly, he challenges the cost of his and his wife's depositions, stating they were "Defendants' self-motivated litigation expenditure[s]," which "ha[ve] proven useless since nothing has been used to benefit the Defendants' position." (*Id.* at 3).

The arguments Azeez raises related to Defendants' costs application are to be considered by the Clerk of Court, not this Court. *See Brown v. City of New York*, No. 11-

CV-1068, 2014 WL 896737, at *2 (S.D.N.Y. Feb. 27, 2014) ("[T]he rules certainly suggest—strongly—that costs are taxed by the Clerk in the first instance, subject to the Court's review."). To the extent that Azeez wishes to object to the costs application, he is required to do so consistent with Rule 54.1 and with the Clerk of Court.

*        *        *        *

In light of the repetitive filings from Azeez raising the same rejected arguments over and over again, the Court recommends Azeez be sanctioned. "A district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *SBC 2010-1, LLC v. Morton*, 552 F. App'x 9, 12 (2d Cir. 2013) (quoting *Shafii v. British Airways, PLC,* 83 F.3d 566, 571 (2d Cir. 1996)). "Pursuant to that authority a district court may impose filing injunctions 'subjecting a vexatious litigant to a "leave of court" requirement with respect to future filings.'" *Id.* at 12 (quoting *In re Martin–Trigona,* 9 F.3d 226, 229 (2d Cir. 1993)). Courts consider the following factors in deciding whether to impose a filing injunction:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*In re Neroni*, 639 F. App'x 9, 11 (2d Cir. 2015) (quoting *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005)). A District Court may impose such a sanction of requiring leave before future filings in a case if

> (1) the district court notifie[s] the [party] of the possible injunction; (2) the [party] continued to file repetitive motions, raising arguments the district court and th[e] [Second Circuit] had previously rejected; and (3) the filing

injunction is narrowly crafted in that it merely requires the [party] to seek
leave of the district court before filing further motions regarding this case.

*SBC 2010-1*, 552 F. App'x at 12–13.

Azeez has repeatedly attempted to litigate the same issues that have been decided
against him.  His motions have consumed Defendants' and the Court's time and
resources.  His arguments have been rejected by this Court on summary judgment and
in his first Rule 60 motion and by the Court of Appeals.  This new Rule 60(b) motion is
nothing short of frivolous: it attempts to undo this Court's and the Circuit's decision
based on arguments that have been found to be meritless.  In light of this history, his
pro se status, the absence of any chance of success on future motions related to this case,
the entry of final judgment, and the need to avoid burdening the Court and Defendants,
Azeez be should required to seek leave of Court in a one-page letter each time before
filing anything further in this case.  Such a sanction will ensure this Court is not
burdened by further vexatious filings.

<u>CONCLUSION</u>

For the reasons stated above, it is respectfully recommended that Azeez's motion
for relief from judgment pursuant to Rule 60(b) be denied in its entirety.  The Court also
recommends Azeez be required to seek leave before making any future filings in this
case.

Any objections to the Report and Recommendation above must be filed with the
Clerk of the Court within 14 days of receipt of this Report. Failure to file timely
objections may waive the right to appeal the District Court's order in reliance on this
Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2);
*Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object

timely to a magistrate [judge's] report operates as a waiver of any further judicial review of the magistrate [judge's] decision.").

SO ORDERED.
<u>/s/ Sanket J. Bulsara</u> August 25, 2020
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York