UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
JAMAL ADEEN AZEEZ,

                              Plaintiff,                    **MEMORANDUM & ORDER**

        -against-                                          **16-CV-342 (NGG) (SJB)**

CITY OF NEW YORK, WILLIAM J. BRATTON,
and BRETT STRAUSS,

                              Defendants.

NICHOLAS G. GARAUFIS, United States District Judge.

On August 22, 2018, this court granted Defendants' motion for summary judgment against Plaintiff Jamal Adeen Azeez. Following that ruling, which was affirmed by the Second Circuit, this court twice denied his motion for relief from judgment under Rule 60(b). He then, *pro se*, sought to appeal the second order denying such relief, and, in doing so, moved for leave to proceed *in forma pauperis*. The Second Circuit has directed this court to rule on Plaintiff's *in forma pauperis* status before considering his appeal. (Mar. 8, 2022 Order of USCA (Dkt. 112).) For the following reasons, Plaintiff's motion is DENIED.

## I.  BACKGROUND

Plaintiff filed this civil rights action on January 21, 2016 against the City of New York, New York Police Department Commissioner William J. Bratton, and Police Officer Brett Strauss, alleging racial and religious discrimination pursuant to 42 U.S.C. § 1983 and state law. (Compl. (Dkt. 1).) On August 22, 2018, the court granted Defendants' motion for summary judgment as to all of Plaintiff's claims and denied Plaintiff's motion for summary judgment. *See Azeez v. City of N.Y.*, No. 16-CV-342, 2018 WL 4017580 (E.D.N.Y. Aug. 22, 2018) (Dkt. 91). On October 5, 2018, Plaintiff moved to amend the judgment, which the court leniently construed as a Rule 60(b) motion for relief from the

judgment. (Oct. 5, 2018 Mot. (Dkt. 94).) On October 9, 2018, Plaintiff also filed an appeal. (Oct. 9, 2018 Not. of Appeal (Dkt. 96).)

On November 2, 2018, the court denied Plaintiff's first Rule 60(b) motion. (Nov. 2, 2018 Order (Dkt. 100).) After denying Plaintiff's petition for a panel rehearing, or in the alternative, for rehearing *en banc*, on January 31, 2020, the Second Circuit affirmed summary judgment for Defendants. *See Azeez v. City of N.Y.*, 790 F. App'x 270 (2d Cir. 2019) (Dkt. 102) (summary order).

On February 26, 2020, Plaintiff filed a second Rule 60(b) motion for relief from the judgment. (Feb. 26, 2020 Mot. (Dkt. 104).) Magistrate Judge Bulsara issued a Report and Recommendation ("R&R") on August 25, 2020, recommending that this court deny the motion and impose a filing injunction. (R&R (Dkt. 105).) After more than fourteen days passed, and no objections were filed, the court entered an order adopting the R&R in its entirety. *See Azeez v. City of N.Y.*, No. 16-CV-342, 2020 WL 5554878 (E.D.N.Y. Sept. 17, 2020) (Dkt. 106). Plaintiff filed objections to the R&R on the day before it was adopted. (Pl.'s Obj. (Dkt. 107).)

On November 23, 2020, Plaintiff filed a motion for a ruling on his objections, maintaining that his objections were timely because he mailed them on September 3, 2020, which was within the 14-day window to object. (Nov. 23, 2020 Mot. (Dkt. 109) ¶¶ 1-3.) Since the court must liberally construe *pro se* filings, the court treated Plaintiff's motion as a motion for reconsideration. Upon reconsideration, the court again adopted the R&R in full. *See Azeez v. City of N.Y.*, No. 16-CV-342, 2021 WL 3578500 (E.D.N.Y. Aug. 13, 2021) (Dkt. 110).

On September 17, 2021, Plaintiff filed a notice of appeal on his motion for reconsideration of his second Rule 60(b) motion. (Sept. 17, 2021 Not. of Appeal (Dkt. 111).) The Second Circuit

directed this court to first determine whether Plaintiff may proceed *in forma pauperis*. (Mar. 8, 2022 Order of USCA.)

## II.  PLAINITFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*

### A.  Applicable Law

To appeal *in forma pauperis* from an order of the district court, a party must file an affidavit that "(A) shows . . . the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). The statement of issues must sufficiently "apprise the court of the foundation for [the party's] appeal or the arguments that he plans to raise in support of his case." *Purisima v. Tiffany Entertainment*, No. 09-CV-3502 (NGG) (LB), 2018 WL 7063128, at *1 (E.D.N.Y. Jan. 25, 2018).[1] However, even where a party has made a *prima facie* case that *in forma pauperis* status is warranted, "an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *United States v. Farley*, 238 F.2d 575, 576 (1956) ("[I]f on consideration the trial judge is conscientiously convinced that there is no substantial question for review and that an appeal will be futile, or if he is convinced that there is no reasonable basis for the claims of alleged error, it is the duty of the trial judge, albeit not a pleasant duty, to certify that the appeal is not taken in good faith.").

A party demonstrates good faith when the party "seeks appellate review of any issue not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Since this is an objective test, the court need not inquire into the party's "subjective point of view." *Id.* at 445. Courts in this circuit have consistently found that allowing

---

[1] When quoting cases, and unless otherwise noted, all citations and quotation marks are omitted, and all alterations are adopted.

a party to proceed *in forma pauperis* is inappropriate where a party "fail[s] to show that [the] appeal would not simply raise the same issues that this court has repeatedly deemed to be frivolous." *Purisima*, 2018 WL 7063128, at *2; *see also Garcia v. Paylock*, No. 13-CV-2868 (KAM), 2014 WL 1365478, at *2 (E.D.N.Y. Apr. 7, 2014) ("By merely rehashing his previous, meritless arguments, plaintiff has not presented a good faith basis for an appeal."); *United Parcel Serv. of Am., Inc. v. The Net, Inc.*, 470 F. Supp. 2d 190, 194 (E.D.N.Y. 2007) ("The Court finds that an appeal of this Court's order would be frivolous and lacking in good faith. The issues [the party] seeks to raise on appeal have been previously addressed by the Court."). Ultimately, the decision as to whether a party may "proceed in forma pauperis is left to the District Court's discretion." *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002).

### B. Discussion

Here, Plaintiff rehashes the same frivolous allegations that have been repeatedly denied by this court and the Second Circuit. First, Plaintiff contends that Officer Strauss perjured himself during the Department of Motor Vehicles ("DMV") hearings related to Plaintiff's traffic infractions, including by allegedly covering up where he was parked during the traffic stops since it violated the NYPD Patrol Guide. (*See In Forma Pauperis* Mot. ("IFP Mot.") (Dkt. 113) ¶¶ 1-2, 6, 16.) Further, Plaintiff asserts that this court failed to consider that Officer Strauss lied on multiple occasions, not just once. (*Id.* ¶ 1.) Plaintiff has repeatedly raised the issue of Officer Strauss's alleged perjury with the court. (*See, e.g.*, Mot. for Summ. J. (Dkt. 58) at 7-12; Feb. 26, 2020 Mot. (providing a chart comparing Officer Strauss's inconsistent statements); Pl.'s Obj. at 3-5, 7.)

This court inquired into Plaintiff's allegations of Strauss's perjury in assessing his claim that the DMV proceedings against him constituted a malicious prosecution. Since lack of probable cause is

one of the elements of malicious prosecution, the court considered whether Strauss's alleged perjury impacted the probable cause determination for the DMV proceedings. The court held that any "fraud that threw the soundness of the DMV's fact-finding into question," would "need[] to be addressed and remedied by a state court, not by this court on collateral review." *Azeez*, 2018 WL 4017580, at *9. Thus, even if Officer Strauss had perjured himself, "Plaintiff [was] collaterally estopped from relitigating whether Strauss had probable cause to cite Plaintiff for violating the Vehicle & Traffic Law." *Id.* at *10. Further, Plaintiff did not meet two of the other elements of malicious prosecution, (1) that the prosecution be criminal, not civil, and (2) that the proceedings terminate in Plaintiff's favor since he was twice adjudicated guilty. On appeal, the Second Circuit found that "there is no legal or factual basis to support Azeez's contention that Strauss committed perjury during his testimony," and that his "statements evince, at most, minor inconsistencies immaterial to the issue of whether Azeez committed the traffic violations, for example, the exact location where Strauss may have been parked before he pulled Azeez over to ticket him, where Azeez was pulled over, or whether Strauss remembered any previous contact with Azeez." *Azeez*, 790 F. App'x at 273. Because this court and the Second Circuit have considered claims that Strauss perjured himself multiple times, an appeal of this issue would not be taken in good faith.

Second, Plaintiff alleges that Officer Strauss refused to reveal his identity to Plaintiff, including by not putting his name on the traffic summonses issued to Plaintiff, and has previously been accused of refusing to reveal his identity. (*See* IFP Mot. ¶¶ 3-4.) Plaintiff also claims that Strauss has been sued for similar wrongdoing. (*Id.* ¶ 5.) Plaintiff has repeatedly raised this issue with the court. (*See, e.g.*, Mot. for Summ. J. at 4 n.3, 5, & 14 n.10; Feb. 26, 2020 Mot. at 8; Pl.'s Obj. at 2, 6-7.) In considering the City's failure to supervise or discipline Officer

Strauss, the court assessed whether the City acted with deliberate indifference, which would require Plaintiff to show, for example, repeated civil rights violations. The court found that there had been only one complaint filed against Officer Strauss, which was for failure to provide his name and badge number and was dismissed by the Civilian Complaint Review Board ("CCRB") as unfounded. *Azeez*, 2018 WL 4017580, at *16. Thus, the court held that "[w]ithout more compelling evidentiary support than a single dismissed complaint . . . , Plaintiff's claim that the City failed to supervise or discipline Officer Strauss must be dismissed." *Id.* In affirming this court's grant of summary judgment, the Second Circuit found that the "one-line reference[]" to the "argument that Strauss's supervisors should have been held accountable for concealing Strauss's past misconduct . . . [was] insufficient to preserve the claims on appeal and thus . . . waived." *Azeez*, 790 F. App'x. at 272. Because this court and the Second Circuit have considered Plaintiff's claims related to Strauss's alleged pattern of refusing to reveal his identity, an appeal on these issues would not be taken in good faith.

Third, Plaintiff alleges this court erred in refusing to permit the disclosure of Officer Strauss's disciplinary records even after Plaintiff made a "substantial showing." (*See* IFP Mot. ¶ 15.) A review of Plaintiff's filings indicates that this alleged "failure" to disclose disciplinary records was made to the CCRB in the context of a Freedom of Information Law request, not in discovery in this case. (*See* Pl.'s Obj. at 7.) The CCRB is not party to this suit, and its denial of Plaintiff's request for records is outside the scope of this litigation and thus not a ground for appeal, good faith or otherwise.

Fourth, Plaintiff contends that Officer Strauss "retaliated" after (i) Plaintiff asked for his name and badge number at the scene, and (ii) Plaintiff asked for his address during Strauss's deposition. (*See* IFP Mot. ¶¶ 7-8.) In his motion for summary judgment,

Plaintiff raised these claims of retaliation. He alleged that after he asked for Strauss's badge number, his "constitutionally protected right to bring a complaint was impermissibly chilled by [Strauss,] who intentionally retaliated and subsequently issued two back-to-back traffic summons[es]." (Mot. for Summ. J. at 6, 12.) However, the court found that there was no First Amendment retaliation because Plaintiff could not show that his speech was silenced or chilled. *Azeez*, 2018 WL 4017580, at *12. Plaintiff also raised claims about Strauss's alleged retaliatory threats during his deposition, such as when Strauss allegedly testified, "[i]f you show up in my neighborhood, I will call the police." (*Id.* at 14; *see also* Pl.'s Reply (Dkt. 86) at 13 n.7; Feb. 26, 2020 Mot. at 5.) In affirming this court's grant of summary judgment to Defendants, the Second Circuit held that Azeez had waived his retaliation claims. 790 F. App'x at 273. Since Plaintiff has previously raised these same arguments about alleged retaliation, an appeal would not be taken in good faith.

Fifth, Plaintiff claims that Officer Strauss also retaliated with another summons. Though this alleged third summons was issued on November 10, 2019, which was *after* the court's summary judgment order was issued, Plaintiff contends that it should be considered at this juncture because "[i]t w[ould] be a waste of time and money to initiate a new lawsuit." (*See* IFP Mot. ¶ 9.) However, Plaintiff has already brought this summons to the court's attention. (*See* Feb. 26, 2020 Mot. at 6-7.) As Magistrate Judge Bulsara explained in his R&R, in addition to the fact that Plaintiff's motion was untimely, events that occur after the entry of judgment cannot be the basis for Rule 60(b) relief. (*See* R&R at 16.) This court has twice adopted Judge Bulsara's R&R; thus, a further appeal of this decision would not be made in good faith.

Sixth, Plaintiff contends that Strauss, after learning that he was a convicted sex offender, began to harass Plaintiff by issuing an additional two summonses in violation of state law. (*See* IFP Mot.

¶ 17.) In considering the cross-motions for summary judgment, the court declined to exercise supplemental jurisdiction over the remaining state law claims since it was the court's first review of the merits of Plaintiff's amended complaint. *Azeez,* 2018 WL 4017580, at *17. In affirming the judgment, the Second Circuit found that Plaintiff failed to challenge this holding, so his state law claims were waived. *Azeez,* 790 F. App'x. at 272. Since this court and the Second Circuit have already rejected Plaintiff's assertion of state law claims, an appeal would not be taken in good faith.

Finally, in addition to these allegations, Plaintiff submitted a list of causes of action including "retaliation, discrimination, false arrest from flagrant perjuries, malicious prosecution, slander, threat to further arrest, defamation by character, violation of civil rights under the Constitutions of the State of New York, State ordinances, laws, statutes, codes and rules; and violation of the United States Constitution under 42 USCA 1981, 1983, 1985, 28 USC 1343." (IFP Mot. ¶ 16.) However, this laundry list of causes of action does not present specific issues for the Second Circuit to review on appeal.

Plaintiff has not raised any new issues appropriate for the Second Circuit's consideration. Instead, he repeats the same meritless claims that have now been decided multiple times, which precludes this court from finding that his appeal is taken in good faith.

## III.  CONCLUSION

The court hereby certifies pursuant to 28 U.S.C. § 1915(a)(3)
that Plaintiff's appeal is not taken in good faith. Thus, Plaintiff's
motion for leave to appeal *in forma pauperis* (Dkt. 113) is DE-
NIED. The Clerk of Court is respectfully DIRECTED to send a
copy of this order by certified mail, return receipt requested, to
*pro se* Plaintiff at his address of record.

SO ORDERED.


Dated:     Brooklyn, New York
           April 22, 2022

                              s/Nicholas G. Garaufis

                              NICHOLAS G. GARAUFIS
                              United States District Judge